UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON,<br><br>  Plaintiff,<br><br>vs.<br><br>SOUND MENTAL HEALTH; and LAURIE PETTIT in her official capacity as Health Information Technician Manager of SOUND MENTAL HEALTH,<br><br>  Defendant. | No. 2:17-cv-00741<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

COMES NOW the plaintiff by and through its attorney, and as for its cause of action against the Defendants, states and alleges as follows.

## I.   PRELIMINARY STATEMENT

1. This action seeks injunctive and declaratory relief ordering Sound Mental Health to provide Disability Rights Washington (DRW) access to the records requested pursuant to DRW's access authority as mandated by the Developmental Disabilities Assistance and Bill of Rights (DD) Act of 1975, 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals With Mental Illness (PAIMI) Act, 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights (PAIR) Act 29 U.S.C. § 794e, *et seq.*, and the regulations

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 1

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

promulgated pursuant to these statutes. In addition to being designated as Washington's Protection and Advocacy System, DRW serves as class counsel in *T.R. et al. v. Quigley et al.*, No. 2:09-cv-01677-TSZ, a lawsuit brought on behalf of children and youth with significant mental health conditions. In order to conduct a full investigation of a complaint regarding a *T.R.* class member's treatment, DRW requested access to records pursuant to its protection and advocacy statutes. Defendant Sound Mental Health has denied DRW access to these records.

## II.     JURISDICTION AND VENUE

2.     This action arises under the laws of the United States. Plaintiff DRW seeks declaratory and injunctive relief pursuant to the Developmental Disabilities Assistance and Bill of Rights (DD) Act of 1975, 42 U.S.C. § 15041, *et seq.,* the Protection and Advocacy for Individuals With Mental Illness (PAIMI) Act, 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights (PAIR) Act 29 U.S.C. § 794e, to redress Defendant's interference with DRW's ability to carry out the function of the protection and advocacy system for Washington State by denying DRW access to records that it needs to conduct a full and meaningful investigation.

3.     Jurisdiction in this matter is asserted pursuant to 28 U.S.C. §§ 1331, 2201 and 2202 for causes of action arising under the Constitution and federal statutory and common laws of the United States.

4.     The rights which Plaintiff seeks to enforce are guaranteed by Congress through the mandates set forth in the DD Act, 42 U.S.C. § 15041, *et seq.*, the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and the PAIR Act, 29 U.S.C. § 794e*.* These Acts establish a mandate for DRW to protect and advocate for individuals with developmental, mental, and physical disabilities who have been abused, neglected, or had their rights otherwise violated.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 2

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

5. This Honorable Court also has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to enter declaratory judgments declaring the rights and other legal relations of parties to the action.

6. An award of monetary damages is inadequate as Plaintiff suffers and will continue to suffer irreparable harm from Defendants' actions, inactions, policies, and procedures and the violations complained herein.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all parties reside in the State of Washington and Plaintiff's claim for relief arises within this state. Defendants performed the acts and omissions complained of herein in the State of Washington in this district. This District provides the most convenient forum for the litigation of these issues.

### III.   PARTIES

**Plaintiff**

**Disability Rights Washington**

8. Plaintiff DRW, a nonprofit corporation duly organized under the laws of the State of Washington, is the statewide protection and advocacy system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those citizens of this state who have disabilities, pursuant to the DD Act, 42 U.S.C. § 15041, *et seq.*, the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and the PAIR Act, 29 U.S.C. § 794e. RCW 71A.10.080(2). DRW maintains offices in Seattle and Spokane at 315 5th Avenue South, Suite 850, Seattle, WA 98104, and 10 N. Post Street, Spokane, WA 99201.

9. As the duly designated statewide protection and advocacy system for individuals with disabilities in the state of Washington, DRW has the authority and responsibility to pursue legal, administrative, and such other appropriate remedies or relief as may be necessary to

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 3

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

protect and advocate for the rights of those persons within the State of Washington who are receiving or who may be eligible for treatment, services, or habilitation due to their physical and/or mental disabilities pursuant to the DD Act, 42 U.S.C. § 15043, the PAIMI Act, 42 U.S.C. § 10805, and the PAIR Act, 29 U.S.C. § 794e(f).

10. In its capacity as the designated protection and advocacy system for the State of Washington, DRW is entitled to access records of all individuals with mental illness if "authorized" by that individual or that individual's legal representative. 42 C.F.R. § 51.41(b); 42 U.S.C. §10805(a)(4).

11. DRW also serves as class counsel in *T.R. v. Quigley* and is responsible for representing a class of children and youth with significant mental health conditions who are Medicaid-eligible and need intensive home and community-based mental health services.

12. DRW has and will continue to suffer irreparable harm as a result of Defendants' actions or inactions absent preliminary and permanent relief.

**Defendants**

**Sound Mental Health**

13. Sound Mental Health is a licensed provider of mental health, behavioral health, and substance abuse services with several offices throughout King County. Sound Mental Health offers services to both adults and children. It is a contracted service provider for King County Mental Health and Substance Abuse Services, which provides mental health and substance abuse services for children and adults in King County with Medicaid health insurance who meet certain medical necessity criteria. Sound Mental Health's administrative offices are located at 1600 E Olive Street, Seattle, WA 98122; the service center that holds the records to which DRW is entitled is located at 14270 NE 21st Street, Bellevue, WA 98007.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 4

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

**Laurie Pettit**

14. Laurie Pettit is the Health Information Technician Manager at Sound Mental Health. In this capacity, she has custody of the records for Sound Mental Health clients and exercises control over who may access the records and under what circumstances. She has denied DRW's request to access records of a Sound Mental Health client.

### IV.     FACTUAL ALLEGATIONS

15. At all times relevant herein, DRW has been, and is, designated by the Governor of the State of Washington as the protection and advocacy system for those citizens of this state who have mental, developmental, and physical disabilities.

16. DRW, like all of the protection and advocacy agencies currently operating in the other forty-nine states, the federal protectorates (American Samoa, Guam, the Commonwealths of the North Mariana Islands and Puerto Rico, and the United States Virgin Islands), the District of Columbia, and the Native American nations in the four-corners region of the southwest, was originally created pursuant to the mandates of the DD Act, 42 U.S.C. § 15041, *et seq.*, the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and the PAIR Act, 29 U.S.C. § 794e, *et seq*.

17. As a result of the extensive congressional hearings preceding the passage of each of the protection and advocacy statutes, Congress found that there had been an extensive history of unlawful discriminatory segregation, extraordinary maltreatment, financial exploitation, neglect, and physical abuse of those individuals who resided in institutional facilities and residential programs throughout the United States.

18. The DD, PAIMI, and PAIR Acts require that each state, in exchange for receipt of certain federal financial assistance, effect a system to protect and advocate for the rights of persons with disabilities and further specify that these systems must have the authority to

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 5

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

investigate and pursue legal and other appropriate remedies for those persons. See 29 U.S.C. § 794e(f); 42 U.S.C. §§ 10805, 15043.

19. The Washington State legislature provided for such a system with the enactment of RCW 71A.10.080. Specifically, under the provisions of RCW 71A.10.080(1), the designated protection and advocacy agency "shall have the authority to pursue legal, administrative, and other appropriate remedies to protect the rights of the developmentally disabled and to investigate allegations of abuse and neglect." Similar authority is granted to the designated protection and advocacy system to "pursue legal, administrative, and other appropriate remedies to protect the rights of mentally ill persons and to investigate allegations of abuse or neglect" under RCW 71A.10.080(2).

20. DRW, in accordance with its congressional mandates, duties, and responsibilities as the designated protection and advocacy agency for the State of Washington under federal and state law, employs attorneys and advocates to perform and provide protection and advocacy services to people in the State of Washington who have mental, developmental, and physical disabilities.

21. DRW's mandate to provide investigative and advocacy services to individuals with disabilities extends to individuals served by both private and publicly-funded facilities.

22. As the designated protection and advocacy agency for the State of Washington, DRW has been representing the plaintiff class in *T.R. v. Quigley,* a lawsuit brought to improve home and community-based mental health services for children in Washington who have medical insurance through Medicaid. This litigation settled in 2013 with a settlement agreement to be implemented by about June 30, 2018. The settlement agreement created a service model by which children who have health insurance through Medicaid could receive intensive mental and

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 6

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

behavioral health services in their homes and in other community-based settings, called Wrap Around with Intensive Services (WISe).

23. Under the settlement agreement, DRW serves on the on the Implementation Advisory Team, which is a group comprised of the Plaintiff Counsel, Attorney General representatives, and representatives of State's child-serving systems with knowledge relevant to the services and processes the State utilizes to comply with this Agreement. The Implementation Advisory Team is utilized as a communication mechanism between parties to enable implementation.

24. On November 7, 2016, DRW received a phone call by a person (Caller) who knew of a child (Child[1]) receiving WISe services through Defendant Sound Mental Health. Caller expressed concerns about the efficacy and sufficiency of services the child was receiving through WISe and alleged the child was at risk of harm.

25. To investigate, DRW obtained an agreement and signed releases from Child's custodial parent to access Child's records. DRW requested Child's records from Defendant Sound Mental Health on December 2, 2016.

26. In the December 2 record request, DRW explained that DRW must be able to access records within three business days of making a written request pursuant to 42 U.S.C. § 15043 (a)(2)(J)(i). DRW noted that it was not waiving its right to access records in three days, but offered to receive the responsive records outside of the three-day window without waiving its federal access authority.

---

[1] DRW's federal mandates require DRW to keep confidential information pertaining to its clients and the identity of those who report allegations. 42 C.F.R. § 51.45(a)(1).

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 7

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

27. Defendant Sound Mental Health responded to DRW's request for Child's records with an invoice, dated December 20, 2016, for producing copies of the requested records. The invoice included a $25 clerical fee, and copy fees of $1.12 per page for the first 30 pages, and $0.84 per page for additional pages.

28. On December 23, 2016, DRW sent a letter to Defendant Sound Mental Health stating that the copy fees in the December 20 invoice were unreasonable. DRW explained that its federal mandates require that records be made available to DRW at a reasonable cost: "[a] P&A system shall be permitted to inspect and copy records, subject to a reasonable charge to offset duplicating costs." 42 C.F.R. § 51.41(e). DRW further explained that state law is instructive as to what constitutes a reasonable charge for copies and by way of example, cited the Washington Public Disclosure Act's limit of fifteen cents per page, absent identification of the actual cost per page to make copies. RCW 42.56.120. DRW offered to pay $0.15 per page for the records or to access the records electronically or in-person to avoid incurring copying costs.

29. On January 25, 2017, DRW sent a third letter and repeated the alternative options for accessing the records electronically, or in-person at Sound Mental Health's office.

30. Defendant Sound Mental Health responded to DRW's letter, refusing to change the copy fees, and denying DRW in-person access to Child's records. Sound Mental Health stated that Child's parent could access some of the records for free, and then send the records to DRW.

31. DRW notified Sound Mental Health on February 21, 2017 that the arrangement by which Child's parent would obtain the records was not feasible and requested consultation to reach a resolution. Defendant Sound Mental Health did not respond.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 8

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

32. On May 4, 2017 DRW once again contacted Defendant Sound Mental Health by letter and notified it that DRW's federal authority to access Child's records had not been satisfied, and that DRW has not waived its federal access authority. DRW also requested access to additional records generated since its initial request. DRW gave notice that DRW would plan to access and scan records in person at Sound Mental Health's office on May 8, 2017, or would pay a reasonable fee of $0.15 per page to have copies sent to DRW's office.

33. Defendant Sound Mental Health did not respond to DRW's May 8, 2017 letter or send DRW a new invoice for copies. On May 8, 2017, DRW went to Sound Mental Health's office at 14270 NE 21st Street, Bellevue WA 98007 and requested in person access to the Child's records. The records custodian stated that he had been instructed by his supervisor, Defendant Laurie Pettit, to deny DRW in-person access to Child's records.

34. On May 8, 2017 DRW called Defendant Pettit to request access to the Child's records. Defendant Pettit again refused. The following day, DRW emailed Defendant Pettit requesting that she reconsider.

35. As of May 10, 2017 DRW has not received access to the records it requested on December 2, 2016 and May 4, 2017.

36. As a result of Defendants' refusal to follow federal law, DRW has been frustrated in its mandates to fully investigate complaints of neglect and to exercise due diligence in discharging its duties as *T.R. v. Quigley* class counsel appointed to the Implementation Advisory Team.

37. DRW has made Defendants aware of DRW's federally-mandated authority to access service provider records of people with disabilities.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 9

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

38. Defendants' acts frustrate the congressionally-mandated functions and duties of the protection and advocacy system. As described in the foregoing paragraphs, Plaintiff attempted, on numerous occasions, to resolve its access issue with the Defendants. These attempts have proven unsuccessful.

39. Plaintiff has suffered and continues to suffer direct and irreparable injury to its statutory interests in investigating abuse and neglect of individuals with developmental disabilities, traumatic brain injury, mental illness, and other disabilities, and in reviewing the implementation of WISe pursuant to the *T.R. v. Quigley* settlement agreement.

40. Plaintiff has standing to bring this action on its own behalf, because the refusal of access by Defendants constitutes an injury in fact to plaintiff's legally-protected interests. This injury is concrete, particularized, actual, and imminent. There is a causal relationship between the injury and Defendants' challenged conduct, and a favorable decision by this Court will address the injury.

41. Plaintiff has no adequate remedy at law.

## V. CLAIMS

42. Violation of DRW's rights under 42 U.S.C. § 15041, *et seq.*, 42 U.S.C. § 10801, *et seq.*, and 29 U.S.C. § 794e.

## VI. PRAYER FOR RELIEF

44. Wherefore, plaintiff Disability Rights Washington respectfully prays to the Honorable Court for the following relief:

    A. For an Order assuming Jurisdiction over this case;

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 10

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

B. For an Order declaring that Defendants' actions and inactions, as described herein, violate Plaintiff's rights under 42 U.S.C. § 15041, *et seq.*, 42 U.S.C. § 10801, *et seq.*, 29 U.S.C. § 794e, and the regulations promulgated thereto;

C. For an Order directing Defendants to immediately provide Plaintiff DRW with all records requested and otherwise provide full, meaningful, and effective access to any other records, residents, staff, or facilities DRW deems necessary to conduct a full investigation without further delay;

D. For an Order granting Plaintiff such other and further relief as this Court deems just and proper.

Dated this 11th day of May, 2017.

Respectfully Submitted,

**DISABILITY RIGHTS WASHINGTON**

By: */s/David R. Carlson*
David R. Carlson, WSBA # 35767
Attorney for Plaintiff

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 11

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729